81 So.2d 363

### W. R. FOX

v.

### WATER WORKS BOARD OF THE CITY OF MOBILE.

I Div. 622.

Supreme Court of Alabama.

June 16, 1955.

Tonsmeire & Hodnette, Mobile, for appellant.

S. P. Gaillard, Jr., Mobile, for appellee.

SIMPSON, Justice.

This is an appeal from a decree on a bill and cross bill praying for a declaratory judgment. The import of the allegations is that respondent, Water Works Board of the City of Mobile, is a public corporation organized under §§ 394–402, Title 37, Code 1940, and that it has constructed in the County of Mobile a large lake for the purpose of providing water for its customers; that the Board has caused this lake to be stocked with fish; bids were taken on the exclusive right of renting boats, motors, fishing rights, tackle, etc., to the public and plaintiff was the high bidder. A contract was entered into between the Board and plaintiff granting plaintiff the above-mentioned rights and prescribing certain limits beyond which no boat was to venture and setting up other limitations, such as prohibiting bank fishing and swimming. It is stated in brief that the justiciable controversy in the case is found in Paragraph Nine of the bill as amended. Paragraph Nine reads as follows:

"A justiciable controversy exists between the parties in that the Defendant represents that it has full authority, power and right to enter into the contract made a part of this complaint and has full power, authority and right to promulgate rules and regulations governing the use of the waters of said lake impounded over lands acquired by the Defendant and contends that it has built a dam upon a non-navigable stream and is the exclusive owner of the water impounded by the lake created by it through the construction of such dam and water reservoir. Defendant contends that it has full authority to enter into the contract with the Complainant and to charge the Complainant with the sums set forth in the contract for the exclusive license privileges granted in said contract. Complainant alleges that many persons enter upon said lake in boats without permits from the Defendant contending that the lake is a public water open to all.

"Complainant alleges that a dispute has arisen as to whether such lake is a public body over which the defendant has no control and if such be a fact, complainant says that defendant has no right to charge complainant the sums set out in the contract.

"The Complainant is a citizen of Mobile County, Alabama, and if the Defendant does not have the power or right to control the waters and shores of Big Creek Lake then there is no consideration for the execution of the agreement and the Complainant is entitled to use the waters and shore line of said lake and to rent boats and equipment to others for use on said lake without any permission from or control by the Defendant and the Defendant does not have the power, right or authority to charge this Complainant or any other person or persons using said lake and does not have the power to enter into the contract with the Complainant, granting to him the exclusive rights set forth in the said contract attached hereto, and if Defendant does not have such powers then the Complainant should be relieved of any further obligation or duty to pay to the Defendant any further sum or sums due under the terms and conditions of said contract."

We think it is manifest that the bill fails to show any justiciable controversy between the parties. If there exists a dispute involving the matters referred to in Paragraph Nine, that dispute is not be-

**672**

tween the complainant and the respondent Board. The allegations show that the Board contends it has authority to enter into the contract with plaintiff, but ·the plaintiff does not deny such authority. Thus it is evident that the plaintiff desires that which the Board also claims the right of, namely, a declaration to the effect that the Board does have authority to make the contract. If there is a dispute on that issue so as to pose a justiciable controversy it must be between the complainant and those who use the lake in defiance of the Board's authority without buying a permit from the complainant.

. By way of buttressing our decision, we note that paragraphs 16 and 18 of the contract between complainant and the Board indicate the lack of any dispute between the parties to this litigation. These paragraphs read: .

"16. It shall be the Licensee's [plaintiff] obligation to police the area open to fishing and the ' Licensor [Board] will be under no obligation to prevent any person or persons from fishing within the area covered by the contract, but the Licensor agrees to issue no permits to any person to fish within such area."

"18. The Licensee assumes the obligation of, and it shall be his duty to prevent any trespassers from coming into or upon the lake within the area covered by this agreement, and any person entering upon said lands without a permit from the Licensee, except as provided herein, shall be a trespasser."

Thus concluding that there is no justiciable controversy between the parties, we must perforce dismiss the appeal. So ordered.

. Appeal dismissed.

. LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.